CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
FEB 07 2022
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| DENNIS D. SEAMSTER, | ) |
| Plaintiff, | ) Case No. 4:21cv00021 |
| v. | ) **MEMORANDUM OPINION** |
| TY ALLEN TAYLOR and BLOUNT INTERNATIONAL, INC., d/b/a WOODS EQUIPMENT, | ) By: Hon. Thomas T. Cullen<br>) United States District Judge |
| Defendants. | ) |

On December 2, 2019, Defendant Ty Allen Taylor's tractor-trailer struck Plaintiff Dennis Seamster's tractor while both were travelling on Highway 360 in Halifax County, Virginia. The collision seriously injured Seamster. In March 2021, Seamster sued Taylor and Defendant Blount International, Inc. ("Blount"), Taylor's employer and the owner of the tractor-trailer, in state court. Defendants removed the case to this court, and Seamster has filed a motion *in limine* to preclude the defendants from relying on contributory negligence as an affirmative defense. Because that defense was explicitly alleged in the defendants' Answers, Plaintiff's motion will be denied.

I.

Following the accident, Plaintiff brought suit in the Circuit Court of Halifax County alleging a single claim of negligence against the defendants. (*See generally* Compl. [ECF No. 1-1].) Both defendants filed Answers, stating that the defendants

> intend[] to rely upon any and all proper and provable affirmative defenses, including but not limited to contributory negligence

and assumption of risk, that may be supported by further investigation, discovery, or the presentation of evidence.

(Taylor Ans. ¶ 26; Blount Ans. ¶ 26 [ECF No. 1-1].) Three days later, the defendants removed the case to this court. (*See* Not. of Removal, Apr. 23, 2021 [ECF No. 1].)

On December 2, 2021 (and after extensive discovery), Plaintiff filed the present motion *in limine* "to exclude any and all assertions, arguments, and/or statements by Defendants related to, and any jury instruction on, the issue of contributory negligence from the trial of this matter . . . ." (Pl.'s Mem. in Supp. pg. 1 [ECF No. 22].) According to Plaintiff, the first he learned that the defendants intended to rely on contributory negligence as an affirmative defense was during a status conference with the court on December 1. (*Id.* at 2.) Plaintiff contends the defendants' Answers insufficiently alleged the affirmative defense, and they should therefore be barred from asserting it.

The defendants argue that the defense was properly alleged in their pleadings and that Plaintiff's "surprise" is manufactured, given that the defense "has been the subject of investigation and discovery throughout the course of this litigation." (Defs.' Opp. pg. 1 [ECF No. 26].) In fact, the defendants contend that the defense was expressly discussed during a pre-mediation conference call with a private mediator in September 2021. (*See id.* at 2.) Plaintiff's counsel does not dispute this, but says he has no recollection of it. (*See* Pl.'s Supp. Mem. in Supp. pg. 1 [ECF No. 25].)

## II.

Federal Rule of Civil Procedure 8(c) says that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . contributory negligence." Fed. R. Civ. P. 8(c). "[T]he primary purpose of Rule 8(c) is to ensure that the

plaintiff has adequate notice that a defense will be raised at trial or in a subsequent dispositive motion . . . ." *Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC*, 752 F. Supp. 2d 721, 726 (W.D. Va. 2010) (citing *Hewitt v. Mobile Res. Tech., Inc.*, 285 F. App'x 694, 696 (11th Cir. 2008) (per curiam)). "An affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004) (quoting 5 Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 1274, at 455–56 (2d ed. 1990)). Rule 8 further instructs that "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

## III.

Plaintiff was on adequate notice of the defendants' contributory negligence defense. In their Answers, each defendant explicitly stated that they would rely on the defense, along with any other "proper and provable defenses." To claim surprise after such a declaration strains credulity.

First and foremost, under the applicable rules, a party must "affirmatively state any . . . affirmative defense," Fed. R. Civ. P. 8(c)(1), and the defendants have done that. They stated that they intend "to rely upon any and all proper and provable affirmative defenses, including but not limited to contributory negligence . . . ." (Taylor Ans. ¶ 26; Blount Ans. ¶ 26.) Any fair reading of that paragraph should have put experienced counsel on notice that the defendants reserved their right to "rely upon . . . contributory negligence" as an affirmative defense.[1]

---

[1] Virginia allows a party to rely on contributory negligence as a defense if it is pled *or* if it is "shown by the plaintiff's evidence." Va. R. Sup. Ct. 3:18(c). At the time the Answers were filed, this case was still in Virginia state court. As such, it makes sense that the defendants would state they would rely on contributory negligence if it is supported by "the presentation of evidence." (Taylor Ans. ¶ 26; Blount Ans. ¶ 26.)

In support of his position, Plaintiff cites several cases, but none relate to the facts before this court. In *Pinnix v. SSC Silver Stream Operating Co.*, a defendant was barred from asserting contributory negligence as an affirmative defense because it "never raised" the defense, although it had stated in its pleadings that it "reserve[d] the right to assert any defense 'that may become available or appear during discovery in th[e] case.'" No. 7:14-cv-161-FL, 2017 WL 4278608, at *1 (E.D.N.C. Sept. 26, 2017 (citing the record) (first alteration original)). Unlike in the present case, the defendant in *Pennix* failed to mention contributory negligence explicitly in its pleading; rather, it relied solely on a boilerplate "catch-all" statement. *Pinnix*, then, is inapposite to this case. The defendants are not relying on their reservation of all other provable affirmative defenses; they're relying on *a defense they explicitly stated.*

Plaintiff also cites to *Alston v. TransUnion*, but his argument falls into the same blind spot. In that case, the court noted that "reserving the right to assert additional defenses . . . is not an affirmative defense." *Alston v. TransUnion*, No. GJH-16-491, 2017 WL 464369, at *3 (D. Md. Feb. 1, 2017). Again, the defendants are not relying on their reservation of any other affirmative defenses "that may be supported by further investigation, discovery, or the presentation of evidence." They are relying on the expressly pled defense of contributory negligence.

The same flaw in Plaintiff's analysis applies to the cited cases of *Long v. Welch & Rushe, Inc.*, 28 F. Supp. 3d 446 (D. Md. 2014), and *Beasley v. Red Rock Financial Services, LLC*, No. 1:14cv1497, 2015 WL 13049994 (E.D. Va. Feb. 2, 2015). Both those cases concerned an attempt to rely on a nondescript, blanket reservation of affirmative defense. That is not the

case here. The court finds that the defendants sufficiently alleged contributory negligence as an affirmative defense, and no amendment to their answers is necessary to preserve it.

Mindful that "[p]leadings must be construed so as to do justice," Fed. R. Civ. P. 8(e), Plaintiff's motion *in limine* will be denied. Defendants properly alleged the defense, and Plaintiff's claim of "surprise" is belied by the record.[2]

### IV.

For these reasons, Plaintiff's motion *in limine* to exclude the affirmative defense of contributory negligence will be denied.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 7th day of February, 2022.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] And even if it was not, it is well-settled that, absent unfair surprise or prejudice, the failure to include an affirmative defense in one's answer does not result in automatic waiver of that defense. *See, e.g.*, *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 612 (4th Cir. 1999), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *Peterson v. Air Line Pilots Ass'n, Intern.*, 759 F.2d 1161, 1164 (4th Cir. 1985). In this case, there is neither unfair surprise (as Plaintiff became aware of the defense, at the latest, in early December 2021 before a then-scheduled March 28–31, 2022 trial) nor prejudice (there has been discovery on the parties actions and the defense of contributory negligence in a negligence action would not change the nature of the case in any meaningful way).